# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF THE DISTRICT OF COLUMBIA

**EUGENE HUDSON, Jr.,**
**12723 Parkton Street**
**Fort Washington, MD   20744**

       **Plaintiff**

    **v.**

**AMERICAN FEDERATION OF**
**GOVERNMENT EMPLOYEES,**
**80 F Street N.W.**
**Washington, DC 20001.**

       **Defendant**

**Civil Action No.:_____**

**JURY TRIAL REQUESTED**

## COMPLAINT

Plaintiff Eugene Hudson, Jr., by and through his undersigned counsel, files this Complaint alleging that the American Federation of Government Employees has violated 29 U.S.C. §411(a)(2) and §411(a)(4) by engaging in ongoing retaliation against him for his candidacy for AFGE President against incumbent J. David Cox and for his resort to the federal courts to remedy AFGE's repeated attacks on him.  The campaign of retaliation now culminates in a new set of internal charges filed by Cox allies against Hudson in which AFGE has manipulated the timing of the process such that AFGE can suspend his membership so close to the August 2018 convention at which the President will be elected that Hudson will have no opportunity to seek legal review before the election

The retaliation is evident in the scheduling of internal charges filed against Mr. Hudson by National Vice President George McCubbin on December 21, 2017.  Rather than combine the McCubbin Charge with other pending charges, AFGE waited until January 30, 2018 to appoint a Committee of Investigation.  AFGE then waited until May 11, 2018 to notify him of the Committee's

appointment and that the Committee of Investigation wanted to interview him no later than June 1, 2018.

Finally, it is clear that the McCubbin Charge was filed only because Mr. Hudson had previously sued AFGE and had obtained a preliminary injunction reinstating him as National Secretary-Treasurer.  Thus, AFGE has violated 29 U.S.C. §411(a)(4) by retaliating against him for suing AFGE.

In support of his Complaint, Mr. Hudson states as follows:

## PARTIES

1.      Plaintiff Eugene Hudson, Jr., is a member in good standing of the American Federation of Government Employees ("AFGE").  Mr. Hudson resides at 12723 Parkton Street, Fort Washington, MD   20744.

2.      Defendant American Federation of Government Employees ("AFGE" or "Federation") is a labor organization within the meaning of 29 U.S.C. §402(i) and 29 U.S.C. §185. AFGE maintains its principal office at 80 F Street N.W., Washington, DC 20001.  AFGE is a national labor organization with approximately 1034 affiliated Local Unions.

3.      AFGE's National Executive Council is composed of the National President, the National Secretary-Treasurer, the National Vice President for Women and Fair Practices, and the National Vice Presidents for the various AFGE Districts.

## JURISDICTION AND VENUE

4.      This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §1331, 28 U.S.C. §1367, and 29 U.S.C. §412.

5.      This Court has venue over this matter pursuant to 28 U.S.C. §1391(b)(1) and 29

U.S.C. §412 because Defendant AFGE maintains its principal office in the District of Columbia and the alleged violation occurred in the District of Columbia.

## FACTS

**A.    Background**

6.      Plaintiff Hudson was elected National Secretary-Treasurer of AFGE at its 2012 and 2015 Conventions for three year terms.

7.      The next AFGE Convention is scheduled to be held in August 2018.  Delegates to the 2018 Convention will elect a National President, a National Secretary-Treasurer, and the National Vice-President for Women and Fair Practices.

8.      On August 19, 2016, NST Hudson declared that he would be a candidate for National office at the 2018 Convention, but did not specify which position he would seek.  In early December 2016, NST Hudson announced that he would be a candidate for the position of National President, the position currently held by National President J. David Cox.

9.      On or about December 21, 2016, National Vice President Keith Hill filed an internal charge alleging that NST Hudson had committed violations of Article XXIII of the AFGE Constitution.

10.     The Legal Rights Committee appointed a Committee of Investigation ("Committee") on February 7, 2017 composed of NVP Gerald Swanke, Alma Lee, and Gabrielle Martin.  On July 10, the Committee issued its report recommending the dismissal of two of the charges against NST Hudson, but finding probable cause on others.  On August 8, 2017, the NEC found NST Hudson guilty and terminated him as National Secretary-Treasurer.  Mr. Hudson has appealed the "decision" to the 2018 Convention.

11.     Shortly after NST Hudson's discharge, NVP Swanke commented as follows on an AFGE website: "It's a Master Grifter that can blow $800k over budget and accuse others of fiscal irresponsibility."

12.     On September 12, 2017, Mr. Hudson filed a complaint alleging that his termination violated the Landrum-Griffin Act and the AFGE Constitution.  *Hudson v. AFGE*, Civil Action No. 1:17-1867(JEB).   On September 17, 2017, Plaintiff Hudson filed a Motion for a Preliminary Injunction.  On November 9, 2017, the Court issued a Preliminary Injunction requiring AFGE to reinstate Mr. Hudson as National Secretary-Treasurer.  Pursuant to the Court's Order, AFGE reinstated Mr. Hudson as National Secretary-Treasurer on or about November 14, 2017.

13.     AFGE decided to reprocess the Hill Charge and announced that a new decision would be expected by January 2, 2018.  On November 13, 2017, AFGE instructed its Legal Rights Committee to appoint a new Committee of Investigation to reprocess the Charges filed by former NVP Hill against Eugene Hudson.

14.     On January l2, 20l8, the Court vacated the preliminary injunction.  That same day, AFGE terminated NST Hudson again.

15.     On January 25, 2018, the Second Committee issued its Report.  On February 6, 2018, the NEC again found that Mr. Hudson was guilty and terminated him as National Secretary-Treasurer.

16.     Mr. Hudson filed an Amended Complaint and another request for a preliminary injunction.  The Court denied the request for preliminary relief.  AFGE's Motion to Dismiss is pending.

4

**B.      The Processing of the McCubbin Charge**

17.      Since the announcement of his candidacy, Mr. Hudson has mounted a serious campaign for the Presidency.  He has visited numerous meetings of AFGE Local Unions and Districts.  He has corresponded with thousands of AFGE Local Union officers and members.  He has attempted to correspond with delegates who have been elected to the August 2018 Convention.

18.      Mr. Hudson's campaign has provoked retaliation by President Cox and his supporters.

19.      On December 21, 2017, while Mr. Hudson was again serving as National Secretary-Treasurer, NVP McCubbin filed charges against Mr. Hudson.  The charges alleged (a) that NST Hudson had overspent his budget and had accumulated a deficit of $700,000 during his term of office; (b) that after his removal from office Mr. Hudson returned  damaged equipment to AFGE; and (c) that Mr. Hudson "wiped" valuable data from the hard drive of the computer and cell phone he returned.  NVP McCubbin alleged that Mr. Hudson had violated provisions in Article XXIII of the AFGE Constitution. [Complaint Exhibit 1].

20.      The AFGE Constitution provides the following procedure for filing internal charges against National Officers: After a member files a charge, the President appoints a Committee of Investigation to determine whether there is probable cause to find a violation.  If the Committee finds probable cause, but no facts are disputed, the case it presented to the National Executive Committee for a determination.  If the Committee determines that there are factual disputes, the charge is referred to a hearing panel and then to the NEC.  If the Committee finds no probable cause, the charge is dismissed.

21.      Mr. Hudson adamantly denies that the McCubbin Charge has merit.  Mr. Hudson also denies that the left-over portion of a charge filed by former NVP Hill has merit.

22.     AFGE did not appoint a Committee of Investigation for the McCubbin Charge until January 30, 2018.  The Appointment Letters state that although "Article XIII, Section 7 does not incorporate a time limit for the Committee to complete its work, but doing so within 120 days of the filing of the charges would preclude an appeal on this ground." [Complaint Exhibit 2].

23.     Despite this suggestion of prompt action, the Committee waited 3½ months to notify Mr. Hudson that it was beginning its investigation.

24.     In processing the charges filed by NVP Hill against NST Hudson in 2016, the First Committee took five months to issue its Report.  AFGE did not impose a 120 day time requirement.

25.     The Committee chosen to process the McCubbin Charge notified Mr. Hudson on May 11 that it wanted to meet with him no later than June 1, 2018. [Complaint Exhibit 3].

26.     This June 1, 2018 deadline gave Mr. Hudson only 20 days to prepare his defense involving five years of budget data.

27.     The June 1 deadline also would require Mr. Hudson to suspend his active campaign schedule to prepare a defense to the charges.

28.     Mr. Hudson has asked the Committee to delay interviewing him until July 30.  The Committee has not responded to his request.

29.     If the Committee interviews Mr. Hudson on June 1, it will likely issue its Report in late June.  The NEC hearing will be scheduled for mid-July.  If the NEC expels Mr. Hudson as a member, he will not be able to campaign at the August Convention.  If the NEC expels Mr. Hudson as a member, he may not be able to have the decision overturned as a violation of 29 U.S.C. §411(a)(2), (4), and (5) in time to contest at the August Convention.

30.     It is unlikely that the Department of Labor would set aside a Convention election in

which Mr. Hudson was declared ineligible to run.

## COUNT 1 - LMRDA SECTION 411(a)(2)
## RETALIATION FOR EXERCISE OF PROTECTED RIGHTS

31.     The allegations in paragraphs 1 through 30 of the Complaint are incorporated by

reference.

32.     The LMRDA protects freedom of speech and assembly.   29 U.S.C. §411(a)(2)

provides that

> Every member of any labor organization shall have the right to ...  express any views,
> arguments, or opinions; and to express at meeting of the labor organization his views,
> upon candidates in an election of the labor organization ...; Provided, That nothing
> herein shall be construed to impair the right of a labor organization to adopt and
> enforce reasonable rules as to the responsibility of every member toward the
> organization as an institution and to his refraining from conduct that would interfere
> with its performance of its legal or contractual obligations.

33.     Mr. Hudson's campaign for the Presidency of AFGE is speech protected by the

LMRDA.

34.     AFGE, its President, and its National Vice Presidents were aware of the budgetary

allegations later incorporated in the McCubbin Charge no later than May 2017.  NVP McCubbin

waited seven months to file the Charge.

35.     AFGE was aware of the computer and phone allegations in August 2017.  NVP

McCubbin waited waited four months to file the Charge.

36.     NVP McCubbin waited until Mr. Hudson had been reinstated following the issuance

of the preliminary injunction before filing his Charge against NST Hudson.

37.     By delaying the appointment of a Committee to investigate the McCubbin Charge,

by giving the Committee a 120 day deadline to complete its investigation, by the Committee's

waiting 3½ months to contact Mr. Hudson and then imposing a 20 day deadline to present his

defense, AFGE is retaliating against Mr. Hudson by manipulating the schedule to seriously damage

his efforts to run for President.

38.     By scheduling the investigation during the course of the Presidential campaign, AFGE

has forced Mr. Hudson to either suspend his campaign to mount a defense or to campaign without

time to adequately mount a defenses to the McCubbin Charge.  AFGE has retaliated against Mr.

Hudson's protected speech.

39.     By scheduling the investigation so that the NEC will conduct its hearing on the

McCubbin Charge almost immediately before the August Convention, AFGE has created a situation

in which the NEC can expel Mr. Hudson from membership, thereby crippling his candidacy, while

simultaneously crippling his ability to seek judicial review pursuant to 29 U.S.C. §411(a)(5) in time

to revive his candidacy at the Convention.

40.     AFGE has violated Section 411(a)(2) by processing the McCubbin Charge to interfere

with Mr. Hudson's campaign against President Cox.

## COUNT 2 - LMRDA SECTION 411(a)(4)
## RETALIATION FOR LITIGATION AGAINST AFGE

41.     The allegations in paragraphs 1 through 40 of the Complaint are incorporated by

reference.

42.     The LMRDA protects the right to sue one's union.  29 U.S.C. §411(a)(4) provides

that "No labor organization shall limit the right of any member thereof to institute an action in any

court, or in a proceeding before any administrative agency ...."

43.     The McCubbin Charge expressly provides that it was filed in retaliation for Mr.

Hudson's success in obtaining a preliminary injunction temporarily reinstating Mr. Hudson as

National Secretary-Treasurer.

44.     The McCubbin Charge [Complaint Exhibit 1] includes the following:

On August 8th, 2017, NST Hudson was removed by the NEC on separate charges.
...
On August 14, 2017, the National President was notified that the deficit for the
former NST had grown to over -700,000.00 dollars by the AFGE Finance Director.

The appointed NST Joe Flynn, along with the National President began making
decisions to correct this deficit from the former NST's office.

Through litigation NST Hudson was re-employed through a preliminary injunction
and thus put back in charge of his deficit budget.  Which then makes this now ripe
for action by the NEC who had felt the newly appointed NST would begin correcting
the situation of overspending.

45.     There was no reason to believe that the reinstated NST Hudson could not participate

in "correcting the situation of overspending."

46.     It is clear from the substance and timing of the McCubbin Charge that he was angry

about Mr. Hudson being reinstalled pursuant to the Court order.

47.     Particularly in light of the facts that Mr. Hudson was again discharged after the Court

vacated the preliminary injunction on January 12, 2018 and the NEC decision on February 6, 2018,

the processing of this charge retaliates against Mr. Hudson for suing his Union and successfully

obtaining the preliminary injunction.

48.     AFGE violated Section 411(a)(4) by processing the McCubbin Charge in retaliation

for Mr. Hudson's success in obtaining a preliminary injunction reinstating him to office.


A jury trial is requested.

### RELIEF REQUESTED

49.     It is requested that the Court:

a.      issue an Order requiring AFGE to dismiss the McCubbin Charge or an Order requiring AFGE to postpone processing the McCubbin Charge until after the August Convention.

b.      Require AFGE to pay Plaintiff's litigation costs and reasonable attorneys' fees.

c.      Award such other relief deemed just and proper.

Respectfully submitted,

 /s/ Jonathan Axelrod
Jonathan G. Axelrod (D C Bar No. 210245)
Justin P. Keating (D.C. Bar No. 475602)
Beins Axelrod, P.C.
1030 15th Street, NW
Washington, DC 20005
telephone:     (202) 328-7222
telecopier:     (202) 328-7030
jaxelrod@beinsaxelrod.com
Jkeating@beinsaxelrod.com

Counsel for Plaintiff Eugene Hudson, Jr.

Dated: May 18, 2018